**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| **CINCINNATI INSURANCE COMPANY,** ) ) **Plaintiff,** ) ) v. ) ) **D & D TRUCKING AND DELIVERY,** a sole ) proprietorship; **DONALD POLEN,** an ) individual and as sole proprietor of ) **D & D Trucking and Delivery;** ) **DENA POLEN,** an individual; ) **LARRY L. REED,** an individual; and ) **TIMOTHY S. WOOD,** an individual, ) ) **Defendants.** ) ) | Case No. 04-2244 |

**OPINION**

On May 27, 2005, Plaintiff Cincinnati Insurance Company filed an amended complaint seeking a declaration that it has no duty to defend or indemnify Defendants D & D Trucking and Delivery, Donald Polen, Dena Polen, or Larry Reed in an underlying state action filed by Defendant Timothy Wood. This court entered default with respect to all Defendants with the exception of Timothy Wood on April 5, 2005, for failing to respond to Plaintiff's complaint. On December 5, 2005, Plaintiff filed a Motion to Stay Declaratory Judgment Proceedings (#30). Plaintiff and Defendant Wood have also filed cross-motions for summary judgment (#32, #38). For the reasons that follow, Plaintiff's Motion for Summary Judgment (#38) is GRANTED.

FACTS

Cincinnati Insurance Company (Cincinnati) issued a policy to D & D Trucking which contained a commercial general liability coverage component and a business auto coverage component. The policy was issued for the period of August 8, 1998, through August 8, 2001. Donald Polen was the owner and sole proprietor of D & D Trucking. On April 4, 2001, Larry Reed was driving a Dodge Caravan from his home in Decatur to Springfield. Reed was going to pick up an envelope containing drug orders at a trucking service and return it to Decatur. Reed was instructed to pick up the envelope by D & D Trucking. While on his way to Springfield, Reed struck Timothy Wood. At the time of the accident, Wood, a member of the Niantic Fire Protection District, was fighting a grass fire on the edge of Interstate 72. According to Reed, he struck Wood because he was unable to see him due to the large amount of smoke emanating from the fire. Wood sustained severe injuries as a result of the accident.

In his deposition, Reed testified that at the time of his accident he was driving to Springfield because Donald gave him a "standing order" to drive to Springfield Monday through Friday, except on holidays. Reed would pick up prescription medications to be delivered to area pharmacies. Reed's work with D & D Trucking required him to take drug delivery receipts to D & D Trucking each night. The van driven by Reed was insured by State Farm Insurance Company and solely owned by Reed. D & D Trucking did not control the time or route on which Reed traveled for the deliveries, nor did D & D Trucking pay Reed a salary or withhold taxes from Reed's payments. Rather, Reed received $20 per trip to Decatur. Reed did not have a written employment contract with D & D Trucking. D & D also did not reimburse Reed for expenses incurred by him on the date of the accident. Reed testified in his deposition that he was an independent contractor and not an

employee of D & D.

On January 30, 2003, Wood instituted an action in the Circuit Court of Macon County against Donald and Dena, D& D Trucking, and Reed. State Farm is providing a defense to D&D, Donald and Dena, and Reed in the state court lawsuit. On June 25, 2003, D & D Trucking, Donald, and Dena filed a Motion for Summary Judgment in that action on the issue of whether Reed was an independent contractor at the time of the accident. On December 9, 2003, the state court denied the motion for summary judgment finding "there is sufficient evidence in the record so that a jury could conclude that plaintiff was not an independent contractor of the defendants and that a factual dispute exists as to whether D & D Trucking had the right to control the details, manner, and method by which the work was to be done by defendant Larry Reed." On December 20, 2004, the state court granted a separate motion for summary judgment filed by Dena.

In her deposition, Dena testified that all of D & D Trucking's business records were destroyed in April 2002 due to flooding in the basement of the residence she shared with Donald. This location also was the place from which D & D Trucking operated. R.W. Troxell & Co. was D & D Trucking's insurance agent. On December 3, 2003, Wood contacted R. W. Troxell regarding his suit against D & D by letter. The letter indicated:

> The owner of your insured, Donald Polen, suffered a stroke a couple of months after the accident and evidently did not report this loss to you. Mr. Polen's wife, Dena Polen, testified in a deposition recently that she knew nothing about the business and had no records of the business, except that she remembered an agency by the name of "Troxell."

An affidavit filed by a claims representative for Cincinnati indicates no notification was received

from Donald, Dena, Reed, or D & D Trucking regarding the accident. On January 3, 2003, D & D ceased to exist as an entity.

 The Commercial General Liability Coverage Form of the policy issued by Cincinnati states:

 2. Duties in the Event of Occurrence, Offense, Claim or Suit

 a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. . . .

 b. If a claim is made or "suit" is brought against any insured, you must: . . .

 2. Notify us as soon as practicable.

 You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

 c. You and any other involved insured must:

 (1) Immediately send us copies of any demands, notices, summonses, or legal papers received in connection with the claim or "suit"

Under the heading Business Auto Conditions in the Business Auto Coverage Form portion, the Cincinnati policy states:

 A. Loss Conditions . . .

 2. Duties in the Event of Accident Claim, Suit or Loss

 a. In the event of "accident," claim, "suit," or "loss," you must give us or our authorized representative prompt notice of the "accident" or loss." . . .

 b. Additionally, you and any other involved "insured" must: . . .

 (2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit."

(3) Cooperate with us in the investigation, settlement, or defense of the claim or "suit."

Cincinnati filed the instant action on November 9, 2004, seeking a declaration it has no duty to defend or indemnify under this policy in the state action instituted by Wood.

## ANALYSIS

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, the court must decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. Waldridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). In reaching this decision, the court must consider the evidence in the light most favorable to the party opposing summary judgment. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The burden of establishing that no genuine issue of material fact exists rests with the movant. Jakubiec v. Cities Serv. Co., 844 F.2d 470, 473 (7th Cir. 1988).

In its motion for summary judgment, Cincinnati argues that there is no coverage under the policy it issued to D & D Trucking because it did not receive timely notice of the accident or the lawsuit filed by Wood.[1] "When the contract includes a provision requiring the insured to notify the insurer of a suit against it, the notice provision is a 'condition precedent to the triggering of the insurer's contractual duties.'" Country Mut. Ins. Co. v. Livorsi Marine, Inc., 833 N.E.2d 871, 883 (Ill. App. Ct. 2004), quoting Northbrook Prop. & Cas. Ins. Co. v. Applied Sys., Inc., 729 N.E.2d

---

[1] The parties do not dispute that Illinois law governs in this matter.

915, 920-21(Ill. App. Ct. 2000). "Where the insured fails to comply with a notice provision, the insurer will be relieved from its duties to defend and indemnify under the policy." Northbrook, 729 N.E.2d at 921. "In short, 'notice provisions are valid prerequisites to coverage and not mere technical requirements which the insured is free to overlook or ignore with impunity.'" Country Mut. Ins., 833 N.E.2d at 884, quoting Kerr v. Illinois Cent. R.R. Co.,670 N.E.2d 759, 765 (Ill. App. Ct. 1996).

The contract in the instant case provided that the insured was to provide notice "as soon as practicable" of an occurrence which could give rise to a claim and of any suit. Under Illinois law, where an insurance policy requires an insured to notify an insurer of an occurrence or lawsuit "as soon as practicable," the test is whether notice was given within a reasonable time. Country Mut. Ins., 833 N.E.2d at 874. Whether the time between knowledge and notice is reasonable depends on the facts and circumstances of each case, but the issue may be decided as a matter of law where the facts are not in dispute. Northern Ins. Co. of New York v. City of Chicago, 759 N.E.2d 144, 149 (Ill. App. Ct. 2001). An insured does not lose coverage if he allows a considerable length of time to pass before notifying the insurer where the delay in notifying the insurer is justifiable. Northern Ins. Co., 759 N.E.2d at 149. To determine if the delay is justifiable, courts employ several factors: "the language of the notice provision, the insured's sophistication in commerce and insurance matters, its awareness that a suit was pending and once aware, its diligence in ascertaining whether policy coverage is available." Northern Ins. Co., 759 N.E.2d at 149. Consideration is also given to whether the insured's delay prejudiced the insurer. Northbrook, 729 N.E.2d at 922.

In the instant case, Cincinnati did not receive notice of the accident until nearly 32 months after the occurrence and nearly 11 months after the filing of Wood's lawsuit. Donald and Dena were

aware of the accident involving Wood shortly after it happened and were aware that Wood was seriously injured. Donna testified she and her husband learned about the accident while watching a television report. While Donald suffered a stroke after the accident, nearly five months passed after the accident before he suffered the stroke during which time there was no communication with Cincinnati. In addition, Donna could have provided notice to Cincinnati following Donald's stroke. Donna testified in her deposition that she was aware who D & D Trucking's insurance agent was.

Cincinnati has also demonstrated it suffered prejudice as a result of the delay in notification. Notice provisions allow an insurer to "conduct a timely and thorough investigation of the insured's claim as well as locate and participate in the defense of the insured." Northbrook, 729 N.E.2d at 921 (citations omitted). Donald suffered a stroke which rendered him unable to speak five months after the accident. As a result, Cincinnati was impaired in its ability to gain information regarding the business relationship between D & D Trucking and Reed, a critical issue in the Wood lawsuit. In addition, D & D Trucking's business records were destroyed in a flood in April 2002 which further hindered Cincinnati's ability to investigate Wood's claim. Furthermore, by the time Wood notified Cincinnati of the pending litigation, written discovery and dispositive motions had been filed and depositions had been taken.

Wood argues, however, that summary judgment in favor of Cincinnati is not warranted because Cincinnati is estopped from asserting a late notice defense. Under Illinois law, "an insurer with a duty to defend is required to either defend its insureds under a reservation of rights or timely file a declaratory judgment action." Employers Reinsurance Corp. v. E. Miller Ins. Agency, 773 N.E.2d 707, 718 (Ill. App. Ct. 2002). "If the insurer fails to take either of these steps and is later found to have wrongfully denied coverage, the insurer is estopped from raising policy defenses,

including that of late notice." Employers Reinsurance, 773 N.E.2d at 718, quoting Northern Ins., 759 N.E.2d at 151. However, "[i]f the insured indicates that it does not want the insurer's assistance, or is unresponsive or uncooperative, the insurer is relieved of its duty to defend." Employer's Reinsurance, 773 N.E.2d at 718, quoting Cincinnati Co. v. West Am. Ins. Co., 701 N.E.2d 499, 504 (Ill. 1998).

Cincinnati did not file the instant action until 11 months after Wood sent a letter to its agent regarding the suit. However, on May 10, 2004, Cincinnati sent a letter to Dena stating:

> Wood filed suit against D & D Trucking, Donald and Dena Polen, and Larry Reed seeking to recover damages for his injuries. D & D Trucking tendered its defense to State Farm under an auto policy that provides D & D Trucking with coverage. D & D Trucking has not tendered this claim to Cincinnati. Cincinnati requests that D & D Trucking inform Cincinnati if it has deselected coverage of its Cincinnati Business Auto policy in favor of coverage under the State Farm policy, which is presently providing D & D Trucking with a defense.

After receiving no response, Cincinnati sent a second letter on July 7, 2004, which stated:

> Cincinnati has requested D & D Trucking's cooperation on several matters. Cincinnati has not received any response from D & D Trucking on these matters. . . . It is Cincinnati's understanding that D & D Trucking has selected State Farm to defend it in the Wood lawsuit and that State Farm is presently providing D & D Trucking with a defense. Please provide Cincinnati with a response as to whether D & D Trucking has deselected Cincinnati coverage in the Wood lawsuit.

Dena did not respond to this second letter either. Thus, the undisputed facts indicate D & D

Trucking did not cooperate with Cincinnati and was unresponsive to requests concerning D & D Trucking's desire to have Cincinnati defend it in the Wood lawsuit. As a result, Cincinnati cannot be estopped from asserting a late notice defense. See Employer's Reinsurance, 773 N.E.2d at 718.

IT IS THEREFORE ORDERED:

(1) Plaintiff's Motion for Summary Judgment (#38) is GRANTED.

(2) Defendant Wood's Motion for Summary Judgment (#32) is DENIED.

(3) Plaintiff's Motion to Stay Declaratory Judgment Proceedings (#30) is denied as MOOT.

(4) This court previously defaulted Defendants Donald Polen, Dena Polen, D & D Trucking, and Larry Reed, but declined to enter judgment against these Defendants pending the resolution of Plaintiff's case against Defendant Wood. Because this court now grants summary judgment in favor of Plaintiff on its claims against Defendant Wood, default judgment is entered in favor of the remaining defendants at this time as well.

(5) The final pretrial conference scheduled for March 31, 2006, and the bench trial scheduled to begin April 10, 2006, are VACATED.

(6) This case is terminated.

ENTERED this 2nd day of March, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE